**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BRIAN GARCIA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:16-cv-00819-SMY** |
| | ) | |
| **VIPIN SHAH, and** | ) | |
| **ROB JEFFREYS,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Gilbert C. Sison (Doc. 118), recommending the granting of Defendant Rob Jeffrey's Motion for Summary Judgment on the Issue of Mootness (Doc. 67). Plaintiff Brian Garcia filed a timely objection (Doc. 122) and Defendant filed a response to the objection (Doc. 133).

Because Plaintiff filed an objection, the undersigned must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the Court to "give fresh consideration to those issues to which specific objections have been made" and to make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id.*

**Background**

Plaintiff Brian Garcia, an inmate in the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights and the Americans with Disabilities Act that occurred while he was housed at Pinckneyville Correctional Center ("Pinckneyville") (Doc. 1).  Following preliminary review pursuant to 28 U.S.C. § 1915A, Plaintiff is proceeding on the following claim for injunctive relief against Defendant Jeffreys:

> Count 6:    Claims against Defendant Jeffreys under the ADA and Eighth Amendment for injunctive relief, to prevent Plaintiff's future placement in a disciplinary housing unit unless he is provided the same accommodations and access to medical care as he would receive in the infirmary.

(Doc. 7).

In his motion for summary judgment, Defendant Jeffreys argues the claim is moot because the alleged constitutional violation ceased prior to Plaintiff filing suit and, therefore, there is no actual, ongoing controversy.  In opposition, Plaintiff argues that the prison officials' voluntary cessation of the violations does not moot his claim.  He contends there is a real and immediate threat that IDOC will move him out of the infirmary and into a cell where he would be without access to critical medical services, and maintains his claim is not moot because it is capable of repetition evading review.  Judge Sison found there was no evidence demonstrating a reasonable expectation that Plaintiff will again be subject to the alleged violation and recommended dismissal.

**Undisputed Facts**

Plaintiff is quadriplegic and has little to no feeling in his upper and lower body.  He has limited strength in his arms and legs and cannot move or control his legs or feet.  He requires a catheter and diapers.  He also needs an aid to help him shower and clean himself after bowel

movements and requires assistance (or uses a transfer board) to move from his wheelchair to the bed or toilet or shower.  He must shift his position roughly every three hours to avoid bedsores.  Either he must receive assistance to shift his position, or he relies on his limited arm strength and bedrails that are standard on infirmary beds.

On August 7, 2012, Plaintiff was housed in the Pinckneyville infirmary.  According to Dr. Shah, Plaintiff was considered a chronic care patient and was permanently housed in the infirmary.  Due to a disciplinary violation on June 14, 2015, Plaintiff was discharged from general infirmary to the infirmary's iso cell on June 15, 2015.  An adjustment committee found Plaintiff guilty of the disciplinary violation and recommended 4 months of segregation on June 25, 2015, which was approved by the Chief Administrative Officer on July 6, 2015.

Dr. Shah discharged Plaintiff from the infirmary to an ADA cell in general population segregation on June 28 or 30, 2015.  Dr. Shah testified that he did not remember why he discharged Plaintiff from the infirmary.  Despite an order from Dr. Shah requiring Plaintiff to keep his transfer board in segregation, he did not receive it.

The bed in the ADA cell had no rails.  The call buttons in the general population segregation cells did not connect to nurses in the infirmary, but to the officers in the pod area that control the doors.  Offenders within general population segregation are not within sight of a healthcare unit or security staff member.  ADA attendants, who assist disabled inmates, are not available in general population segregation.  Plaintiff had bowel movements, urinated in the bed, and was forced to lie in it until cleaning staff came to change the room.  He developed bedsores from being unable to shift his position.

On August 11 or 12, 2015, Plaintiff was moved back to the Pinckneyville infirmary after a fall in his cell resulted in an injury.  From August 11 or 12, 2015 to September 19, 2015, Plaintiff

3

was housed in recovery at the Pinckneyville infirmary, except when he was at the Memorial Hospital in Carbondale, Illinois.  Plaintiff was transferred to Lawrence on September 19, 2015 and immediately housed in the infirmary. Since then, except for outside facility visits for medical appointments, Plaintiff has been housed at the Lawrence infirmary but is still under Dr. Shah's care.[1]  Plaintiff filed this lawsuit on July 20, 2016.

### Discussion

Plaintiff objects to the Report finding his claim is moot for several reasons.  First, he asserts the Report did not consider the facts he submitted.  Specifically, the Report did not consider the facts supporting the inference that prison officials discharged him from the infirmary as punishment.  Next, he maintains the Report applied the incorrect standard when it states a Court must give deference to government officials who claim they have removed a defect in a rule, statute, or regulation.  Finally, he contends the Report incorrectly considered only past behavior when determining whether the "capable of repetition, yet evading review" doctrine applies to his claim.

 "Mootness is the doctrine of standing set in a time frame," i.e., "[t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)."  *Parvati Corp. v. City of Oak Forest, Ill.*, 630 F.3d 512, 516 (7th Cir. 2010 (citations omitted); *see also Young v. Lane*, 922 F.2d 370, 373 (7th Cir. 1991). Thus, the mootness doctrine requires re-evaluating the standing requirements throughout litigation.

It is well established that a defendant's voluntary cessation of a challenged practice does not necessarily moot a case. *Vincent v. City Colleges of Chicago,* 485 F.3d 919, 925 (7th Cir.2007).

---

[1] According to IDOC's website, Plaintiff is now incarcerated at Menard Correctional Center.

Here, however, not only has the alleged violation of Plaintiff's constitutional rights ceased, he also has been transferred to a different prison. When a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred back to the original prison. *Higgason v. Farley,* 83 F.3d 807, 811 (7th Cir.1996); *see also Young*, 922 F.2d at 373. "Allegations of a likely retransfer may not be based on mere speculation." *Higgason*, 83 F.3d at 811.

There is no evidence that Plaintiff is likely to be retransferred to Pinckneyville. Further, this is not a case where a prisoner who has been transferred to a different facility seeks relief from a condition that stems from a IDOC system-wide policy that also applies at the new facility.[2] *See Lehn v. Holmes*, 364 F.3d 862, 871-872 (7th Cir. 2004). Without a continuing, present injury or real and immediate threat of repeated injury, Plaintiff's past exposure to allegedly illegal conduct at Pinckneyville does not constitute a pending case or controversy regarding injunctive relief. *Young*, 922 F.2d at 373.

Moreover, this case does not fall within the exception to the mootness doctrine for claims that are "capable of repetition, yet evading review." This doctrine applies "only in exceptional situations and generally only where the named plaintiff can make a reasonable showing that he will again be subject to the alleged illegality." *Higgason*, 83 F.3d at 811. Plaintiff can point to only one occurrence of the alleged violation in the nine years that he has been in the custody of the IDOC. Even considering Plaintiff's proffered facts supporting an inference that prison officials discharged him from the infirmary as punishment, the possibility that Plaintiff would again be

---

[2] Plaintiff makes some suggestion that this should be considered like a policy case when he argues that IDOC procedures allowed him to be discharged from the infirmary at Shah's direction and he is still incarcerated in IDOC and subject to IDOC policies. However, it was not a policy that resulted in the alleged constitutional violation, but instead, the alleged actions of Dr. Shah and other prison officials that caused the alleged violation.

subjected to the alleged unconstitutional conduct is too speculative.  The same is true of the arguments offered by Plaintiff that:  1) his transfer to Lawrence did not cure his quadriplegia, and he faces the same risk that a wrongful discharge from the infirmary would subject him to the same Eighth Amendment violations he suffered at Pinckneyville; 2) the risk is even more likely given he is still under the care of Dr. Shah who authorized his prior discharge into the inadequate cell; and 3) Dr. Shah could once again improperly discharge him from the infirmary.  These arguments speak to a mere possibility and do not rise to the level of "capable of repetition, yet evading review."

## Conclusion

For the forgoing reasons, the Court **ADOPTS** the Report and Recommendation (Doc. 118) in its entirety.  Accordingly, Defendant Jeffreys's Motion for Summary Judgment on the Issue of Mootness (Doc. 67) is **GRANTED** and Plaintiff's claim against Defendant Jeffreys is **DISMISSED with prejudice**.  The Clerk is **DIRECTED** to enter **JUDGMENT** accordingly at the close this case.

**IT IS SO ORDERED.**

**DATED:  November 17, 2020**

*s/ Staci M. Yandle*_____
**STACI M. YANDLE**
**United States District Judge**

6